UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U.S. Bank National Association, | ) Case No.: |
| Plaintiff in Interpleader, | ) |
| v. | ) |
| Megan Kathleen Beck, in her capacity as Executor of the Estate of Wendy Holmes Weil, deceased; and Opera Theatre of St. Louis, | ) |
| Defendants in Interpleader. | ) |

**COMPLAINT IN INTERPLEADER**

Plaintiff U.S. Bank National Association ("U.S. Bank"), by and through its undersigned attorneys, submits this Complaint in Interpleader against Defendants in Interpleader Megan Kathleen Beck, in her capacity as Executor of the Estate of Wendy Holmes Weil, deceased (the estate and the executor are collectively referred to as the "Estate") and the Opera Theatre of Saint Louis (the "Opera"), and states as follows:

**PARTIES**

1.  U.S. Bank is a national banking association organized and existing under the laws of the United States with its main office located in the State of Ohio, and its principal place of business in Minneapolis, Minnesota. U.S. Bank is a citizen of the State of Ohio.

2.  Upon information and belief, the Opera is a non-profit company incorporated in the State of Missouri and headquartered in St. Louis, Missouri, and is therefore a citizen of the State of Missouri.

3.  On information and belief, Defendant Beck was appointed Executor of the Estate, which is pending and being administered in the State of Tennessee pursuant to probate proceedings

in the Chancery Court of Lincoln County, Tennessee (No. PR4052). Ms. Beck and the Estate are therefore citizens of the State of Tennessee, and are referred to collectively herein as "the Estate."

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1335 because the amount of money in U.S. Bank's possession is greater than $500 and the Estate and the Opera are of diverse citizenship under 28 U.S.C. § 1332.

5. Venue is proper in this district under 28 U.S.C. § 1397 because one of the parties resides in the State in which this District is located.

## FACTS

6. On July 6, 2012, Wendy Holmes Weil executed a Custody Agreement under which U.S. Bank would open a custodial account to hold certain assets of Ms. Weil.

7. Also on July 6, 2012, Ms. Weil executed a Security Transfer on Death Beneficiary Agreement (the "TOD Agreement") to register the custodial account in "transfer on death" form, meaning that all assets held in the account would be transferred on her death to a named beneficiary. The account holding the funds governed by the TOD Agreement will be referred to as the "TOD Account."

8. Ms. Weil named the Opera as the beneficiary under the TOD Agreement.

9. The assets held in the TOD Account are comprised primarily of securities that fluctuate in value. The estimated price of the assets currently in the TOD Account is currently $1,258,708.09 (the "TOD Assets").

10. The Estate has informed U.S. Bank that Ms. Weil is deceased, that the Estate disputes the transfer of the TOD Assets to the Opera under the TOD Agreement, and that the beneficiary of Ms. Weil's estate (the "Estate Heir") also disputes the transfer of the TOD Assets.

11. Counsel for the Estate and counsel for the Estate Heir jointly sent U.S. Bank a letter, dated October 15, 2020, threatening that "any distribution" of the TOD Assets by U.S. Bank to the Opera "prior to a resolution of this matter" is "at [U.S. Bank's] peril."

12. Counsel for the Opera has informed U.S. Bank that the Opera believes it is the rightful beneficiary of the TOD Account and is entitled to receive the TOD Assets.

13. Given the Defendants' competing claims, U.S. Bank cannot determine which of the Defendants is entitled to the TOD Assets.

14. U.S. Bank has a real and reasonable fear of liability or vexatious, conflicting claims arising out of any distribution that it makes of the TOD Assets.

15. The TOD Agreement provides that, should any dispute arise relating to the distribution of the TOD Assets, U.S. Bank has the right, at its sole discretion, to withdraw assets from the TOD Account to cover any legal fees or costs that it incurs in resolving the dispute. In particular, the TOD Agreement states that U.S. Bank "may charge the [TOD] Account for costs and expenses, including, without limitation, legal and other professional fees and expenses incurred related to compliance with this Agreement."

16. In addition, under the TOD Agreement, Ms. Weil agreed to "release[], indemnif[y], and hold[] U.S. Bank harmless" from "any and all claims, liabilities, losses, [and] costs," including "legal and other professional fees and expenses" arising out of or related to "this Agreement, the compliance of U.S. Bank with this Agreement, and/or the determination that this Agreement is void and unenforceable."

17. Pursuant to the TOD Agreement and the Custody Agreement, U.S. Bank has made an initial withdrawal from the TOD Account for certain legal fees and costs it has already incurred relating to the dispute and to compliance with the TOD Agreement, and it expressly reserves the

rights provided to it under the TOD Agreement and the Custody Agreement to collect any additional legal fees and costs it incurs in this action (the "Litigation Costs").

18. Other than the Litigation Costs, U.S. Bank claims no interest in the TOD Assets and files this interpleader action in good faith to obtain instructions from this Court for the distribution of the TOD Assets.

19. Immediately upon filing of this Complaint, U.S. Bank will file a motion asking the Court to direct the liquidation and transfer of the TOD Assets to the custody of the Clerk of Court, as required by 28 U.S.C. § 1335(a)(2).

**PRAYER FOR RELIEF**

WHEREFORE, U.S. Bank prays for judgment against Defendants in Interpleader and each of them as follows:

1. That the Defendants in Interpleader be required to interplead and litigate among themselves their claims to the TOD Assets;

2. That the Court determine and enter an order setting forth the proper recipient of the TOD Assets;

3. That U.S. Bank be dismissed from this action with prejudice following liquidation and payment, at the Court's direction, of the TOD Assets into the registry of the Court;

4. That U.S. Bank be awarded the Litigation Costs, as expressly required under the TOD Agreement, to be paid out of the TOD Assets; and

5. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED:  December 21, 2020

        Respectfully submitted,

        THOMPSON COBURN LLP

By */s/ Mike W. Bartolacci*
   Mike W. Bartolacci, - 35441MO
   One US Bank Plaza
   St. Louis, Missouri  63101
   314-552-6000
   FAX 314-552-7000
   mbartolacci@thompsoncoburn.com

   Peter C. Magnuson, MN0392342
   peter.magnuson@FaegreBD.com
   2200 Wells Fargo Center
   90 South Seventh Street
   Minneapolis, MN 55402-3901

   Attorneys for Plaintiff in Interpleader U.S. Bank National Association