## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| U.S. Bank National Association, | ) |
|         Plaintiff in Interpleader, | ) |
| v. | ) Case No.: 4:20-CV-01847-PLC |
| Megan Kathleen Beck, in her capacity as Executor of the Estate of Wendy Holmes Weil, deceased; and Opera Theatre of St. Louis, | ) |
|         Defendants in Interpleader. | ) |

## U.S BANK'S MEMORANDUM REGARDING DEPOSIT OF FUNDS

COMES NOW Plaintiff, U.S. Bank National Association ("U.S. Bank"), and informs the Court and the parties that, on April 19, 2021, pursuant to the Court's "Deposit Order" dated March 2, 2021 [Dk. No. 20], U.S. Bank deposited with the Clerk of the Court the sum of $1,221,926.99, representing the majority of the proceeds of the Custody Account previously maintained with U.S. Bank by Decedent Wendy Holmes Weil ("the Account").

The Account is a securities account which held securities that required liquidation before the resulting proceeds could be deposited with the Court. After obtaining the agreement of the competing claimants, The Opera Theatre of St. Louis and the Estate of Wendy Holmes Weil, U.S Bank proceeded with the liquidation of the Account assets. The execution of trades is not a service U.S. Bank typically performs in a directed custody account, thereby necessitating additional steps, which contributed to the delay between entry of the Court's Deposit Order and the deposit of the cash proceeds with the Court.

However, there were certain assets, consisting predominantly of sixteen United States Savings Bonds which could not be redeemed early, and one corporate bond which could not be sold after several attempts.  These assets remain in the Account.  The savings bonds have an aggregate price of $52,465.80, while the corporate bond has a recorded price of $40,875.00.  The savings bonds are evidenced by paper certificates which are being held in U.S. Bank's vault, and which, if the Court and the parties concur, could be physically delivered to the Clerk of the Court pursuant to Fed. R. Civ. P 67(a) until such time as the Court adjudicates the competing claims to ownership of these assets.  The corporate bond is a "book entry" held through the Depository Trust Company ("DTC").

Accordingly, U.S. Bank believes a supplemental order may be required authorizing U.S. Bank to deliver to the Clerk of the Court physical custody of the Court of those remaining Account assets which could not be liquidated pursuant to Fed. R. Civ. P. 67(a).  Alternatively, if the Court does not or cannot take physical custody of these remaining assets, and U.S. Bank is required to retain possession of them, it will require further instructions from the Court as to their disposition while this actino remains pending.

Respectfully submitted,

THOMPSON COBURN LLP


By */s/ Mike W. Bartolacci*
  Mike W. Bartolacci, 35441MO
  One US Bank Plaza
  St. Louis, Missouri 63101
  314-552-6000
  FAX 314-552-7000
  mbartolacci@thompsoncoburn.com

  Peter C. Magnuson, MN0392342
  peter.magnuson@FaegreBD.com
  2200 Wells Fargo Center
  90 South Seventh Street
  Minneapolis, MN 55402-3901

  Attorneys for Plaintiff in Interpleader U.S. Bank National Association

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.


  */s/ Mike W. Bartolacci*