UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

U.S. BANK NATIONAL ASSOCIATION )
)
    **Plaintiff in interpleader,** )
)
v. )   Case No. 4:20-cv-01847
)
MEGAN KATHLEEN BECK, in her )
capacity as Executor of the Estate of )
Wendy Holmes Weil, deceased, )
)
and )
)
OPERA THEATRE OF ST. LOUIS )
)
    **Defendants in interpleader,** )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Opera Theatre of St. Louis's (OTSL) motion for summary judgment. [ECF No. 38] Plaintiff U.S. Bank National Association (U.S. Bank) filed this statutory interpleader action asking the Court to determine the proper recipient of assets being held in a transfer on death account (TOD account) opened by the decedent, Wendy Holmes Weil. [ECF No. 1] U.S. Bank deposited all assets, or the proceeds thereof, previously held in the TOD account into the registry of the Court, and the Court has discharged U.S. Bank from further liability and dismissed it from the suit. [ECF No. 37]

OTSL argues it is entitled to the interpleaded funds because Weil named OTSL as the sole beneficiary of the assets in an agreement related to the establishment of the TOD account, and U.S. Bank accepted Weil's designation of OTSL as the beneficiary and registered the TOD account in accordance with Weil's request. [ECF No. 38] Defendant Megan Kathleen Beck (Beck) has not

1

opposed OTSL's motion. For the following reasons, the Court grants OTSL's motion for summary judgment.

**I.  Background**

On July 6, 2012, Weil executed a Custody Agreement with U.S. Bank pursuant to which U.S. Bank opened a custodial account to hold some of Weil's assets. [ECF Nos. 1, 40, 40-1] The Custody Agreement stated the agreement was between U.S. Bank and "Wendy Holmes Weil TOD Opera Theatre Saint Louis." Weil signed the agreement as the owner of the account and a representative of U.S. Bank signed the agreement as well. [ECF No. 40-1]

Simultaneously, Weil executed a Security Transfer on Death Beneficiary Agreement (TOD Agreement) to register the custodial account in "transfer on death" form.[1] [ECF Nos. 40, 40-2] Although the TOD Agreement states that the account owner "may only designate natural persons as beneficiaries (not trusts or entities)[,]" Weil named OTSL, a non-profit company incorporated in the State of Missouri, as the sole beneficiary on the TOD account. [ECF No. 40-2]

The TOD Agreement provides that U.S. Bank will conduct a "review and validation" of the agreement "to ensure the TOD Agreement and Account Owner and Beneficiary eligibility requirements have been met" and that the agreement will be "rejected and returned" in the event the agreement does not satisfy the requirements. [Id.] The TOD Agreement states that the "account title on U.S. Bank's system will designate that the account is subject to a TOD Agreement after a satisfactory validation (no rejection)" of the agreement. [Id.] Under the terms of the agreement, the account owner may revoke or alter the beneficiary designation by delivering a new written

---

[1] The TOD Agreement provides that the purpose of the TOD registration is to enable the account owner to designate one or more beneficiaries to whom ownership of the account will pass on his or her death. [ECF No. 40-2]. It further provides that, under TOD registration, the account owner owns and controls the account during her lifetime and that the beneficiaries have no rights in the account until the owner's death, at which time the account assets pass directly to the designated beneficiaries outside of probate. [Id.]

2

agreement "in a form acceptable to U.S. Bank" during her lifetime. [Id.] The TOD Agreement permits U.S. Bank to amend or terminate the agreement at any time "as long as at least one Account Owner is alive, by written notice to all surviving Account Owners." [Id.] Upon the death of the account owner, the account "vests immediately in the …. [surviving] beneficiaries" and U.S. Bank agrees to transfer the account to the designated beneficiaries. [Id.] After establishment of the account, U.S. Bank sent an account statement to Weil as the account owner, in which the account was titled "Wendy Holmes Weil TOD Opera Theatre Saint Louis[.]"[2] [ECF No. 40-4]

On November 21, 2002, Weil executed her last will and testament. [ECF No 40-3] In her will, Weil named Beck as the contingent executor of, and as an heir to, her estate. Weil's will does not contain a provision revoking OTSL as the beneficiary on the TOD account. Although the record is silent as to Weil's date of death, the record reflect that the Lincoln County, Tennessee Chancery Court issued letters testamentary to Beck, as executor of Weil's estate, on September 3, 2019. [Id.] Shortly thereafter, Weil's estate informed U.S. Bank of Weil's death and that both the estate and the beneficiary of the estate disputed any transfer of the TOD account assets to OTSL. [ECF No. 1] OTSL informed U.S. Bank that it believed it was the rightful beneficiary of the TOD account.

Due to the multiple claims presented to U.S. Bank for the assets, U.S. Bank filed this interpleader action under 28 U.S.C. § 1335. [ECF No. 1] Each defendant filed a timely answer to the interpleader complaint disputing the validity of the TOD Agreement as completed by Weil. [ECF Nos. 7, 8, 14, 17] U.S. Bank deposited $1,262,653.53, representing the proceeds from the liquidated assets, with the Court's registry and delivered physical custody of United States savings bonds with a total face value of $31,200 which it was unable to liquidate.  [ECF No. 29]

---

[2] The summary judgment record includes Weil's July 2012 account statement. [ECF No. 40-4]

3

In August 2021, the Court dismissed U.S. Bank from the case and entered a permanent injunction against the defendant from instituting or maintaining any further action against U.S. Bank with respect to the assets of the account. [ECF No. 37] In a separate order entered today, the Court granted, in part, U.S. Bank's motion for reimbursement of attorney's fees and costs that it incurred in connection with the filing of the interpleader suit and entered an award in favor of U.S. Bank in the amount of $17,705.60 to be paid from the interpleaded funds. [ECF Nos. 45, 46]

OTSL filed this motion for summary judgment asserting it is the rightful owner of the assets because Weil named OTSL as the TOD account beneficiary, and U.S. Bank accepted Weil's request and implemented the beneficiary designation. [ECF Nos. 38, 39, 40] Beck did not respond to the motion for summary judgment.

**II.     Legal Standard**

Summary judgment is proper if the movant demonstrates there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial burden of informing the court of the basis of the motion and identifying those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The non-moving party may not rest upon "mere allegations or denials" in the pleadings but instead must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." Id. at 324 (quotation marks omitted).

"On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Scott v. Harris, 550 U.S. 372, 380 (2007)). The court's function

4

is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Because Beck did not respond to the motion for summary judgment, OTSL's material facts are deemed admitted.  See United States District Court, Eastern District of Missouri, Local Rule 4.01(E) ("All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party"); Tramp v. Associated Underwriters, Inc., 786 F.3d 793, 799 (8th Cir. 2014). When a party "fails to properly address another party's assertion of fact, as required by Fed. R. Civ. P. 56(c), the court may … (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(3).  Where, as here, a summary judgment motion is unopposed, the Court considers the merits of the motion and reviews the submitted evidentiary materials to determine whether the movant has established the absence of a genuine issue of material fact and that he is entitled to judgment as a matter of law. Saffell v. Wilson, No. 4:19-CV-00202 JAR, 2020 WL 7695417 *2 (E.D. Mo. Dec. 28, 2020).

## III. Discussion

In its motion, OTSL contends U.S. Bank had discretion under to establish the terms and conditions under which it would accept and implement an account registration in beneficiary form. OTSL argues it is entitled to summary judgment because Weil named OTSL as the beneficiary in the TOD Agreement, U.S. Bank accepted the TOD Agreement, and U.S. Bank administered the account according to Weil's wishes by treating OTSL as the account's sole transfer-on-death beneficiary. OTSL asserts it became the rightful owner of the account upon

5

Weil's death pursuant to the terms of the TOD Agreement and that OTSL is entitled to the remaining assets that are the subject of this interpleader action.

### A. Choice of Law

U.S. Bank brought this statutory interpleader action based on diversity jurisdiction.[3] In a diversity case, substantive questions are analyzed under state law. George K. Baum & Co. v. Twin City Fire Ins. Co., 760 F.3d 795, 799 (8th Cir. 2014). Furthermore, when the Court exercises diversity jurisdiction, it applies the choice of law principles of the forum state. Am. Fire & Cas. Co. v. Hegel, 847 F.3d 956, 959 (8th Cir. 2017).[4] "Under Missouri law, a valid choice of law provision in a contract binds the parties[.]" BancorpSouth Bank v. Hazelwood Logistics Center, LLC, 706 F.3d 888, 893 (8th Cir. 2013).

The TOD Agreement states that "[t]he provisions and protection of TOD security registration statutes and/or regulations as adopted in the state whose law governs the Account shall apply." [ECF No. 40-2] The account was created under the Custody Agreement which states that it "shall be governed by and construed in accordance with the laws of the State of Minnesota applicable to agreements made and to be performed in Minnesota." [ECF No. 40-1] The Court will therefore apply Minnesota law in resolving this dispute.

### B. Requirements for a valid registration in beneficiary form

The purpose of registering securities in beneficiary form, such as "payable on death" (POD) and "transfer on death" (TOD), is to pass ownership of the assets to named beneficiaries upon the owner's death without the need for the probate process. See In re Estate of Gloege, 649

---

[3] U.S. Bank alleged in the complaint that federal jurisdiction existed under 28 U.S.C. § 1335 because the defendants were citizens of diverse states under 28 U.S.C. §1332 and the amount of money in U.S. Bank's possession was more than $500. See 28 U.S.C.A. §1335 (a)(1) (the district court has original jurisdiction of an interpleader action involving money or property valued at $500 or more if two or more of the adverse claimants have diverse citizenship and the plaintiff has deposited the property into the registry of the court).

[4] Suits filed pursuant to 28 U.S.C. §1335 are "merely a special brand of diversity jurisdiction" and the forum state's choice of law rules apply. Whirlpool Corp. v. Ritter, 929 F.2d 1318, 1320 (8th Cir. 1991).

No.W.2d 468, 471 (Minn. Ct. App. 2002) (property which is "payable on death" or "transferred on death" to a named beneficiary are nonprobate assets); Minn. Stat. Ann. § 524.6–301 (1) (a security registered in "beneficiary form" states the present owner of the security and provides that the security is to go to a designated person when the owner dies). A security "is registered in beneficiary form when the registration includes a designation of a beneficiary to take ownership at the death of the owner[.]" Minn. Stat. Ann. § 524.6-304; In re Estate of Gloege, 649 No.W.2d at 471.

In the case of uncertificated securities, a security is "registered" by initiating or transferring the security to an account demonstrating the beneficiary form. Minn. Stat. Ann. § 524.6–301 (2). Registration in beneficiary form is shown by inclusion of the words "transfer on death" or "pay on death," or the abbreviations "TOD" or "POD," between the name of the owner and the name of the beneficiary. Minn. Stat. Ann. § 524.6-305; In re Estate of Gloege, 649 No.W.2d at 471. For an individual to validly create a TOD registration, he or she must be the sole owner of the asset, or it must be registered by joint owners with right of survivorship. Minn. Stat. Ann. § 542.6-302.[5]

Until the death of the owner or owners of the security, the registration has no effect and the consent of the beneficiary is not needed to cancel or change the registration. Minn. Stat. Ann. § 524.6-306. On the death of a sole owner of a TOD security, ownership "passes to the

---

[5] To register a security in beneficiary form, Minnesota requires the registration to have been authorized under the Minnesota Uniform Transfer on Death Security Registration Act, Minn. Stat. Ann. §524.6-301 to -311, or under a similar statute in the state of (1) organization of the issuer or registering entity, (2) the location of the registering entity's principal office, (3) the office making the registration, or (4) the account owner's address at the time of registration. Minn. Stat. Ann. §524.6-303. U.S. Bank, the registering entity, is incorporated in Delaware, which recognizes TOD agreements. Del. Code Ann. tit. 12, § 801-812. It is not clear from the pleadings where U.S. Bank's "principle office" (as referred to in Minn. Stat. Ann. § 524.6-303) is precisely, but U.S. Bank's "main office" is in Ohio, and its "principle place of business" is in Minnesota. [ECF No. 1]. Both Ohio and Minnesota recognize TOD agreements. Ohio Rev. Code Ann. §§ 1709.01-.11; Minn. Stat. Ann. §§ 524.6-301 to 311. It is not clear from the record which U.S. Bank office made the registration, but it appears to have been made in either Tennessee or Missouri, both of which recognize TOD agreements. Tenn. Code Ann. §§ 35-12-101 to 113; Mo. Ann. Stat. §§ 461.001-.081. Additionally, Tennessee was listed as Weil's state of residence at the time of registration. [ECF No. 1].

beneficiary[.]" Minn. Stat. Ann. § 524.6-307(1).[6] The transfer resulting from the TOD designation "is effective by reason of the contract …between the owner of the security and the registering entity" and Minnesota's Uniform Transfer on Death Security Registration Act (the TOD Act), Minn. Stat. Ann. §§524.6-301 to -311. Minn. Stat. Ann. § 524.6-309 (1)(a). The transfer is non-testamentary, but the registration can be cancelled by specific reference in the owner's will. Minn. Stat. Ann. § 524.6-309 (1)(a), (2).[7]

A registering entity's acceptance of a request for registration in beneficiary form constitutes the registering entity's agreement to implement the registration to the beneficiary on the death of the security owner. Minn. Stat. Ann. § 524.6-308(b). The registering entity has the authority to establish the terms and conditions under which it will accept and implement registrations in beneficiary form. Minn. Stat. Ann. § 524.6-310(a). This authority includes establishing terms for designating primary and contingent beneficiaries and an owner's request to cancel a beneficiary designation. Minn. Stat. Ann. § 524.6-310(a).

Here, Weil completed the Custody Agreement and TOD Agreement forms provided to her by U.S. Bank. [ECF No. 40-1, 40-2] Both agreements state that the account is to be designated as "Wendy Holmes Weil TOD Opera Theatre Saint Louis." [ECF No. 40-1, 40-2] In the TOD Agreement, Weil specifically named OTSL as the sole beneficiary of the assets in the account. [ECF No. 40-2] Weil was the sole owner of the assets and her designation was sufficient to register the account in beneficiary form under the TOD Act. U.S. Bank accepted the Custody Agreement and TOD Agreement that Weil completed and registered the account in the requested beneficiary form, identifying "Wendy Holmes Weil TOD Opera Theatre Saint Louis" as the name of the

---

[6] There are certain exceptions to the effect of a TOD registration related to the rights of creditors which have not been raised by any party to this case. Minn. Stat. Ann. § 524.6-307(2).

[7] If the owner cancels the registration via her will, the security passes to the deceased's estate. Minn. Stat. Ann. § 524.6-309 (2).

account. [ECF No 40-4] There is no evidence that U.S. Bank rejected the agreements for any reason or that Weil revoked, or attempted to revoke, the TOD designation during her lifetime or by specific reference in her will.[8] Accordingly, ownership of the account and the assets contained therein passed to OTSL upon Weil's death.

### C. Significance of "natural person" reference in beneficiary form

Although Beck asserted her entitlement to the account's assets in her answer to the complaint, Beck has not specified the basis for her claim or set forth her objections to OTSL's claim in any filing with this Court, including by responding to the motion for summary judgment. Absent any articulated challenge by Beck, the only aspect of this case that merits further discussion is whether U.S. Bank's form provision that only a natural person may be named as a beneficiary invalidated Weil's designation of OTSL as beneficiary.[9]

First, the Court finds that Minnesota law does not require a beneficiary of a POD or TOD account to be a natural person. Under Minnesota's TOD Act, "beneficiary form" is defined as "a registration of a security which indicates the present owner of the security and the intention of the owner regarding the person who will become the owner of the security upon the death of the owner." Minn. Stat. Ann. § 524.6-301(1). The term "person" is not defined under the TOD Act. See Minn. Stat. Ann. §§ 524.6-301 to 311. Section 524.1-201 of Minnesota Uniform Probate Code, however, defines a "person" as "an individual, a corporation, an organization, or other legal entity." Minn. Stat. Ann. § 524.1-201(39). This definition applies to section 524.6-301 of the TOD

---

[8] A copy of Weil's will was included in the summary judgment record.

[9] As a side note, the TOD Agreement contains a provision that the agreement is valid and enforceable only if the account owner resides in a state which recognizes TOD agreements for securities custody accounts and includes a list of states which purportedly do not recognize such agreements. [ECF No. 40-2] Tennessee (where Weil resided when the TOD Agreement was executed) was included in this list. Tennessee's inclusion in this list, however, appears to have been in error because Tennessee recognized TOD beneficiary designations when the agreement was executed. See Tenn. Code Ann. §§ 35-12-101 to 113.

9

Act "unless the context otherwise requires[.]" Minn. Stat. Ann. § 524.1-201 (providing general definitions for chapters 524 and 525 of the Minnesota statutes but which are "[s]ubject to additional definitions contained in the subsequent articles which are applicable to specific articles or parts, and unless the context otherwise requires").

The goal of "statutory interpretation is to ascertain and effectuate the intention of the legislature." Christianson v. Henke, 831 N.W.2d 532, 536 (Minn. 2013) (citations omitted). The Court must first determine whether the statute's language is ambiguous on its face. American Tower, L.P. v. City of Grant, 636 N.W.2d 309, 312 (Minn. 2001). While courts construe nontechnical words and phrases according to their plain and ordinary meaning, they will "rely on statutory definitions of terms where relevant." State v. Morgan, 953 N.W.2d 729, 733 (Minn. App. 2020). "Where the legislature's intent is clearly discernible from plain and unambiguous language, statutory construction is neither necessary nor permitted and courts apply the statute's plain meaning." American Tower, L.P. v. City of Grant, 636 N.W.2d 309, 312 (Minn. 2001).

The Court finds that the context of section 524.6-301(1) does not preclude application of the definition of "person" as set out in section 524.1-201(39). See Belanger v. Salvation Army, 556 F.3d 1153, 1156 (11th Cir. 2009) (statutory language suggesting the legislature contemplated that some POD account beneficiaries will be natural persons does not preclude a finding that a corporation is a "person" and an acceptable POD beneficiary under Florida statutes). Once all the statutory definitions are considered, Section 524.6-301(1)'s provision regarding registration of a security in beneficiary form is plain and unambiguous. Because the definition of "person" includes corporations, the Court finds that a beneficiary of a transfer-on-death account may be a corporation and that Weil was not prohibited by the TOD Act from naming OTSL as the beneficiary on her account.

10

Rather than a requirement of Minnesota law, the form's restriction was a discretionary matter for U.S. Bank. U.S. Bank had the authority to establish the terms and conditions under which it would accept and implement registrations in beneficiary form, including establishing terms for designating beneficiaries. Minn. Stat. Ann. § 524.6-310(a). However, acceptance of a request for registration in beneficiary form constitutes an agreement by the registering entity to implement the registration to the beneficiary on the death of the security owner.  Minn. Stat. Ann. § 524.6-308(b).

Although Weil's designation of OTSL as the beneficiary appears to conflict with U.S. Bank's terms for the account the uncontested evidence establishes that U.S. Bank accepted Weil's request and implemented the registration. The TOD Agreement, drafted by U.S. Bank, states that U.S. Bank will review the agreement to ensure that the eligibility requirements have been met and that the agreement will be "rejected and returned" in the event it does not satisfy the requirements. [ECF No. 40-2] The agreement also states that the "account title on U.S. Bank's system will designate that the account is subject to a TOD Agreement after a satisfactory validation (no rejection)" of the agreement. [ECF No. 40-2] U.S. Bank sent Weil at least one statement in which the account was titled, "Wendy Holmes Weil TOD Opera Theatre Saint Louis[,]" demonstrating that U.S. Bank designated in its system that the account was subject to a TOD Agreement and signifying that U.S. Bank had validated Weil's request. Furthermore, pursuant to the terms of the TOD Agreement, U.S. Bank reserved the right to amend or terminate the agreement by written notice during Weil's lifetime.  [ECF No. 40-2] There is no evidence suggesting that U.S. Bank either initially rejected the TOD Agreement as completed by Weil or that it sought to amend or terminate the TOD Agreement thereafter.  Instead, the evidence is that U.S. Bank accepted Weil's request for the registration in beneficiary form and implemented the registration in accordance

with Weil's wishes. The Court therefore finds that in light of the Minnesota statute, as well as U.S. Bank's constructive actions recognizing Weil's designation, OTSL was properly designated as a beneficiary of Weil's TOD account.

Weil's failure to strictly comply with the requirements of U.S. Bank's form did not invalidate Weil's request to name OTSL as the beneficiary on the TOD account or U.S. Bank's acceptance and implementation of the TOD registration.

### IV. Conclusion

The record on summary judgment establishes that Weil entered into an agreement with U.S. Bank to establish a custodial account in beneficiary form designating OTSL as the sole beneficiary of the account upon Weil's death, and that U.S. Bank registered the account in accordance with the agreement. The Court finds that no material factual or legal dispute exists and that OTSL is entitled to judgment as a matter of law.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that OTSL's motion for summary judgment [ECF No. 38] is **GRANTED**.

**IT IS FURTHER ORDERED** that, on or before January 26, 2022, Defendant Opera Theatre of St. Louis is to file a proposed order for disbursement of the remaining funds paid into the registry of the Court and the United States savings bonds delivered to the Court, in accordance with the requirements of Local Rule 13.04 of the Eastern District to Missouri.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
PATRICIA L. COHEN

                                              UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of January, 2022