UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
DIVISION

U.S. BANK NATIONAL ASSOCIATION )
)
    **Plaintiff in interpleader,** )
)
v. ) Case No. 4:20-cv-01847 PLC
)
MEGAN KATHLEEN BECK, in her )
capacity as Executor of the Estate of )
Wendy Holmes Weil, deceased, )
)
and )
)
OPERA THEATRE OF ST. LOUIS )
)
    **Defendants in interpleader,** )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff U.S. Bank National Association's (U.S. Bank) motion for reimbursement of attorney's fees and costs that it incurred in connection with the present action. [ECF Nos. 45, 46]. U.S. Bank filed this interpleader action, under 28 U.S.C. § 1335, asking the Court to determine the proper recipient of assets being held in a transfer on death account (TOD account) opened by the decedent, Wendy Holmes Weil. [ECF No. 1]. Weil named the Defendant Opera Theatre of St. Louis (OTSL) as the beneficiary in an agreement related to the establishment of the TOD account. [ECF No. 1]. Defendant Megan Kathleen Beck (Beck), in her capacity as executor of Weil's estate, contested the distribution of the TOD account's assets to OTSL. [ECF No. 1].

In accordance with orders of this Court, U.S. Bank deposited all assets, or the proceeds thereof, previously held in the TOD account into the registry of the Court. [ECF No. 36].[1] U.S.

---

[1] OTSL has filed a motion for summary judgment seeking a judgment determining that it is the rightful owner of the assets that are the subject of the interpleader action. [ECF Nos. 38, 39, 40]. OTSL's motion is pending.

1

Bank deposited $1,262,653.53, representing the proceeds from the liquidated assets, with the Court's registry and delivered physical custody of United States savings bonds with a total face value of $31,200 which it was unable to liquidate. [ECF No. 29] Thereafter, the Court granted U.S Bank's motion to discharge it from liability and to dismiss it from the suit. [ECF Nos. 27, 37].

U.S. Bank filed a motion for reimbursement of $32,940.30 in attorney's fees and costs that it incurred in connection with U.S. Bank's filing of the interpleader suit. [ECF Nos. 45, 46]. OTSL filed a response, citing no objection to U.S. Bank's request. [ECF No. 47]. Beck did not file a response. Because some of the fees U.S. Bank requests are not compensable from the interpleader fund, the Court will award U.S. Bank $17,705.60 in attorney's fees and costs to be paid out of the funds previously deposited with the Court.

I.   Discussion

In the memorandum in support of its application, U.S. Bank advanced two theories to justify reimbursement of its fees, one sounding in equity and the other in contract. [ECF No. 46]. Because U.S. Bank provided no legal support or analysis for its contract theory, U.S. Bank's request under this theory is denied. The Court will proceed to determine reimbursement of U.S. Bank's expenses under the Court's equitable powers.

A.  Legal Standard

The interpleader statute does not contain an express attorney's fee provision. See 28 U.S.C. § 1335; First Trust Corp. v. Bryant, 410 F.3d 842, 856 (6th Cir. 2005). Instead, courts have held that language in 28 U.S.C. § 2361, which provides for service of process and personal jurisdiction for statutory interpleader, stating that the "district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, *and make all appropriate orders to enforce its judgment,*" allows the court to award attorney's fees to a

disinterested stakeholder in a statutory interpleader action. 28 U.S.C. § 2361 (emphasis added); Bryant, 410 F.3d at 856 ("Despite the lack of explicit statutory authorization, 'modern federal practice follows the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover attorney's fees and costs from the stake itself.'") (quoting 4 James Wm. Moore et al., Moore's Federal Practice, §22.06, at 22-98 to 22-99 (3d ed. 2002); Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 193 (9th Cir. 1962) (finding the "federal courts have continued the former equity practice of allowing attorney fees to interpleading plaintiffs in strict actions of interpleader" under the 28 U.S.C. § 2361 provision allowing the district court to "make all appropriate orders to enforce its judgment.").

The purpose of an interpleader action is to protect a stakeholder from both the cost of multiple suits and the risk of multiple liability when adverse claimants assert a right to a single stake. Dakota Livestock Co. v. Keim, 552 F.2d 1302, 1306 (8th Cir. 1977). As such, a disinterested stakeholder may be entitled to recover attorney's fees and costs in bringing an interpleader action from the interpleaded funds. Millers Mut. Ins. Ass'n of Illinois v. Wassell, 738 F.2d 302, 304 (8th Cir. 1984). The court's authority to grant an award of fees and costs is discretionary. W.-S. Life Assur. Co. v. Lee, No. 4:13-CV-2499, 2015 WL 2124753, * 1 (E.D. Mo. May 6, 2015); Rhoades v. Casey, 196 F.3d 592, 603 (5th Cir. 1999) ("award of attorney's fees is in the discretion of the district court").

B.  Attorney's Fees

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." Trs. of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426 (9th 2000), opinion amended on denial of reh'g, 255 F.3d 661 (9th Cir. 2001); New York Life Ins. Co. v. Miller, 139 F.2d 657, 658 (8th Cir. 1944). Interpleader, however,

3

is "a simple, speedy, efficient and economical remedy" and typically there is "no justification for seriously depleting the fund deposited in court by a stakeholder through the allowance of large fees to his counsel." Hunter v. Federal Life Ins. Co., 111 F.2d 551, 557 (8th Cir. 1940).

Attorney's fee awards for the interpleader plaintiff are "properly limited to those fees that are incurred in filing the action and pursuing the [stakeholder's] release from liability, not in litigating the merits of the adverse claimants' positions." Tise, 234 F.3d at 426. Compensable expenses include those related to preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action. Id. at 426–27. The institution of an interpleader action, including depositing the fund in the registry of the court and procuring orders of discharge and dismissal, "does not usually involve any great amount of skill, labor or responsibility, and, while a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed for such fees should be modest." Hunter, 111 F.2d at 557. See also Lee, 2015 WL 2124753, * 1.

The general test for attorney's fees in an interpleader action is reasonableness. Rhoades, 196 F.3d at 603; Lee, 2015 WL 2124753 *2. In determining what fees are reasonable, the court considers the following factors: (1) the complexity of the case; (2) whether the stakeholder performed unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the stakeholder benefited from the services rendered; and (5) whether the claimants improperly protracted the proceedings. Lee, 2015 WL 2124753 *2. See also 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1719 (3d ed. 2021).

A claimant seeking fees has the burden of proving its entitlement to the fees. Tise, 234 F.3d at 427–28; Lee, 2015 WL 2124753 *3.  If the documentation is inadequate, the court may reduce

the applicant's fee award accordingly. Tise, 234 F.3d at 427–28. "[A]ny 'uncertainties in a fee application due to nonspecific entries are resolved against the applicant.'" Lee, 2015 WL 2124753, * 3 (quoting Protective Life Ins. Co. v. Kridner, No. 12-582, 2013 WL 1249205, at *5 (N.D. Iowa 2014) (internal quotations omitted)).

Typically, the starting point for calculating reasonable attorney's fees is the "lodestar," which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the case. See Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). The lodestar "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "A court is not required to reach a lodestar determination, however, and may attempt to identify specific hours that should be eliminated or simply reduce the award within its discretion." Lee, 2015 WL 2124753 *3 (citing Hensley, 461 U.S. at 436-37).

Two law firms represented U.S. Bank in this action, Faegre Drinker LLP in Minneapolis, Minnesota and Thompson Coburn LLP as local counsel in St. Louis, Missouri. The two firms report spending 73.6 hours on the matter. Their hourly rates range from $258 an hour for researchers (2.5 hours), $443-465 for an associate (8.7 hours), and $441-480 for partners (62.4 hours), for a total of $32,538.30 in attorney's fees. They also report costs of $402.00, consisting of court filing fees. The billing records submitted by counsel for review are sufficiently detailed to allow the Court to complete a meaningful review.

In calculating the lodestar, a reasonable hourly rate "is usually the ordinary rate for similar work in the community where the case has been litigated." Fish, 295 F.3d at 851. Because the hourly billable rates for the partners, associate, and researchers that worked on this matter are not unusual for the area and are not challenged here, the Court generally accepts their hourly rates as

5

reasonable. See Texas Life Ins. Co. v. Packman, No. 4:13-CV-2019, 2014 WL 1400182, at * 2 (E.D. Mo. Apr. 10, 2014) (finding billable hourly rates of $350 and $400 for partners not unusual for the St. Louis area). However, with respect to the hourly rates charged by Faegre Drinker LLP, the invoice provided by the firm demonstrates that its attorneys billed at different rates without linking the specific services to each rate.[2] The submitted invoice does not delineate which services were billed at which rate or explain why different rates were applied. Because U.S. Bank has the burden of establishing its entitlement to the requested fees and because it is not clear which rate a particular service was billed at or why, the Court uses the lower rate.

After carefully reviewing the reported hours spent on the matter, the Court finds 39.1 of the hours reported to be reasonable in bringing the action, during which counsel prepared the complaint and accompanying documents, arranged for service of process on the claimants, deposited the funds into the Court registry, and filed a motion seeking discharge and dismissal.[3] One element enhanced the complexity of this case and required the unique services of the stakeholder -- the liquidation of, or inability to liquidate, certain assets in the TOD account.[4] This issue required additional hours to coordinate and effectuate U.S. Bank's deposit into the registry, including drafting of proposed orders regarding the deposit of the disputed funds with the Court.

The Court is required to exclude hours that are not "reasonably expended," that is, hours that are excessive, redundant, or unnecessary. See Hensley, 461 U.S. at 434. This includes any apparent duplicative work and time spent by the two law firms coordinating and discussing the matter with each other. Lee, 2015 WL 2124753, * 4 (citing U.S. Foodservice, Inc. v. Daignault,

---

[2] Magnuson, a partner, billed 7.9 hours at $480/hour and 3.5 hours at $454/hour. Abram, an associate, billed 7.6 hours at $465/hour and 1.1 hours at $443/hour.
[3] Specifically, the Court finds reasonable 4.3 hours at $454/hour for Magnuson with Faeger Drinker, 2.3 hours at $443/hour for Abram with Faeger Drinker, and 32.5 hours at $441/hour for Bartolacci with Thompson Coburn.
[4] U.S. Bank reported that difficulties related to the liquidation of certain securities in the TOD account delayed deposit of the assets and proceeds with the Court.

Civ. No. 10–40103–FDS, 2011 WL 576606, at *3 (D. Mass. Feb. 9, 2011) ("While it is hardly unreasonable for national and local counsel to consult and coordinate, [] it is unclear why that work should come at the expense of the fund.") (alteration in original)). In addition, the Court must exclude U.S. Bank fees for attorney-client communications. Lee, 2015 WL 2124753, * 4 (citing Hearing v. Minnesota Life Ins. Co., 33 F. Supp.3d 1035, 1045 (N.D. Iowa July 21, 2014)). In short, work performed "to protect the interest of the stakeholder and research its liability, or to update the client regarding the status of the case" are not compensable. Packman, 2014 WL 1400182, at * 2.

A significant portion of the hours spent on this case constitutes non-compensable time. The submitted invoices demonstrate that attorneys communicated more than 20 hours discussing "next steps" in the matter, or providing U.S. Bank with "status" updates. While coordination between counsel and attorney-client communications are not per se unreasonable, U.S. Bank has failed to demonstrate that the Fund should compensate for these types of activities. Furthermore, attorneys expended numerous hours researching, discussing, and drafting material analyzing the Uniform Transfer on Death Act and the Minnesota Transfer on Death Act months after U.S. Bank filed the interpleader action. It is unclear from the documentation submitted how these activities related to U.S. Bank's role as a disinterested stakeholder. In addition, also non-compensable are services which are overly vague (e.g., time reported to "draft paragraph regarding liquidation of account" prior to the filing of the action [ECF No. 45-1]), or appear not to reasonably assist conducting the interpleader case (e.g., "review newspaper article" [ECF No. 45-2]). In sum, having carefully reviewed the submitted documentation, the Court finds U.S. Bank shall be permitted to recover attorney's fees in the amount of $17,303.60.

    C.  Costs

U.S. Bank's request for costs is governed by Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Lee, 2015 WL 2124753, *4. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987).  Taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. §1828. 28 U.S.C. § 1920.

U.S. Bank requests an award of costs in the amount of $402.00. This figure reflects the filing fee in this Court.  Because the amount requested may be awarded under § 1920, U.S. Bank's request will be granted.

II.     Conclusion

U.S. Bank will be awarded $17,303.60 in attorney's fees and $402.00 in costs, for a total of $17,705.60.  This amount recognizes a reasonable amount of work completed in the case without significantly diminishing the value of the asset. To the extent necessary, as a recipient of attorney fees, U.S. Bank shall complete, sign and return to the Finance Department of the Clerk's Office a copy of the Internal Revenue Service Form W-9 (available on the Court's website).  See Local Rule 13.04(C)(4) ("Disbursement of funds will not be made until all applicable W-9 forms in a case are received [by the Finance Department of the Clerk's Office]") A completed W-9 may be sent to Linda_Zanders@moed.uscourts.gov. For the reasons discussed above,

8

**IT IS HEREBY ORDERED** that U.S. Bank's motion for attorney's fees and costs [ECF No. 45] is **GRANTED in part and DENIED in part**.  U.S. Bank shall be permitted to recover attorney's fees in the amount of $17,303.60 and costs in the amount of $402.00 incurred in connection with this interpleader action to be paid out of the interpleaded funds prior to any other distribution.

**IT IS FURTHER ORDERED** that, upon receipt of the required W-9 form, the Clerk of the Court shall pay from the interpleaded funds on deposit with the Court the total amount of $17,705.60 to plaintiff U.S. Bank, representing its attorney fees and costs as awarded. The check is to be made payable to "U.S. Bank National Association" in the amount of $17,705.60 and mailed to Thompson Coburn, LLP, Attn: Mike W. Bartolacci, One U.S. Bank Plaza, Suite 2700, St. Louis, MO 63101.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of January, 2022