**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **U.S. BANK NATIONAL ASSOCIATION** ) | |
| ) | |
| **Plaintiff in interpleader,** ) | |
| ) | |
| **v.** ) | **Case No. 4:20-cv-01847 PLC** |
| ) | |
| **MEGAN KATHLEEN BECK, in her** ) | |
| **capacity as Executor of the Estate of** ) | |
| **Wendy Holmes Weil, deceased,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **OPERA THEATRE OF ST. LOUIS** ) | |
| ) | |
| **Defendants in interpleader,** ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Defendant Meghan Kathleen Beck's (Ms. Beck) Motion to Set Aside Judgment [ECF No. 55] and Motion for Leave to Conduct Additional Discovery [ECF No. 64]. In her Motion to Set Aside Judgment, Ms. Beck seeks to set aside the Court's entry of Summary Judgment [ECF No. 50] in favor of Defendant Opera Theatre of St. Louis (OTSL) and its Order of Disbursement [ECF No. 53] pursuant to Federal Rule of Civil Procedure 60(b)(6).

Ms. Beck asserts the circumstances of the case, in particular her former counsel's abandonment of her defense constitute "extraordinary circumstances" justifying relief under the rule. OTSL opposes the motion by: (1) contesting Ms. Beck's claim of attorney abandonment; (2) asserting attorney negligence is not a recognized justification for setting aside a judgment pursuant to Rule 60(b)(6); and (3) arguing that summary judgment should not be set aside because Ms.

1

Beck's motion is futile and OTSL would suffer prejudice. [ECF No. 58] On April 14, 2022, the Court heard argument from the parties on Ms. Beck's motion.

Ms. Beck subsequently filed a Motion for Leave to Conduct Additional Discovery [ECF No. 64] asserting that, after the April 14, 2022 hearing, Ms. Beck's new counsel reviewed OTSL's previously-filed Rule 26 Initial Disclosures and its document production. Ms. Beck claims the discovery previous counsel conducted was "minimal" and requests an order granting her leave to conduct additional discovery including, but not limited to, subpoenaing U.S. Bank's records regarding the subject TOD account and documents pertaining to its policies and procedures for reviewing and accepting TOD designations. [ECF No. 64 at 2-3]

I.      Background

The decedent, Wendy Holmes Weil, executed a Security Transfer on Death Beneficiary Agreement (TOD Agreement) with Plaintiff U.S. Bank National Association (U.S. Bank) to register a custodial account holding some of Ms. Weil's assets in "transfer on death" form. Ms. Weil named OTSL as the sole beneficiary on the TOD account and U.S. Bank registered the account in beneficiary form, designating the account as "Wendy Holmes Weil TOD Opera Theatre Saint Louis[.]" After Ms. Weil's death, Ms. Beck, as executor of Ms. Weil's estate, informed U.S. Bank that the estate disputed any transfer of the TOD account assets to OTSL. OTSL maintained that it was the rightful beneficiary of the TOD account.  On December 21, 2020, U.S. Bank filed this interpleader action under 28 U.S.C. § 1335. After U.S. Bank deposited the account's assets with the Court, it dismissed U.S. Bank from the action. [ECF Nos. 27, 29, 37, 51]

Meanwhile, attorney Kurt Schmid entered his appearance on Ms. Beck's behalf. [ECF No. 9] In February 2021, Mr. Schmid filed a timely answer to the complaint, asserting Ms. Beck was the rightful beneficiary of the TOD account assets, and joined the parties' joint scheduling plan.

[ECF Nos. 16, 17].  On March 3, 2021, the Court conducted the Rule 16 conference via telephone with the parties' counsel, including Mr. Schmid. [ECF No. 21] The Court also entered a case management order setting forth the following deadlines: (1) April 5, 2021, for the parties to make all Rule 26(a)(1) disclosures; (2) September 10, 2021, as a deadline for the completion of all discovery; and (3) September 24, 2021, for the filing of all dispositive motions, with opposition briefs filed no later than October 15, 2021. [ECF No. 22]

Between March and July 2021, Mr. Schmid communicated with opposing counsel and took additional action in the suit. These actions included: (1) filing a response to U.S. Bank's motion to deposit funds with the Court, citing no opposition to the motion [ECF No. 19]; (2) timely providing Ms. Beck's Rule 26(a)(1) disclosures [ECF No. 58-1]; and (3) joining U.S. Bank's agreed motion for an order permitting deposit of savings bonds with the Court [ECF No. 30]. On July 23, 2021, counsel for OTSL filed a motion requesting additional time to designate a neutral, asserting Mr. Schmid and counsel for OTSL "discussed filing a set of stipulated facts and cross motions for summary judgment, or alternatively, submitting the case to the Court based on the agreed set of stipulated facts, with legal memoranda in support of the parties' respective positions" before conducting mediation. [ECF No. 34] Counsel for OTSL requested additional time to select a neutral for mediation, stating Mr. Schmid had been unresponsive to communications since their initial discussions. [ECF No. 34] The Court granted OTSL's request for additional time to designate a neutral and changed the lead counsel from Mr. Schmid to counsel for OTSL.[1] [ECF No. 35]

---

[1] On August 25, 2021, OTSL filed a designation of neutral, in which it asserted that Mr. Schmid had not responded to OTSL's August 17 and August 24, 2021, attempts to communicate with Mr. Schmid. [ECF No. 41]

On August 17, 2021, OTSL filed its motion for summary judgment. [ECF Nos. 38, 39, 40] Pursuant to Local Rule 4.01, Ms. Beck's response to the motion was due 21 days later on September 7, 2021. See E.D. Mo. L. R. 4.01(f) (response to motion for summary judgment due 21 days from the date the motion is served).  Mr. Schmid did not file a response in opposition on Ms. Beck's behalf and did not file a request for an extension of time to respond. On September 14, 2021, OTSL filed a memorandum asking the Court to rule on the motion for summary judgment in light of Ms. Beck's failure to timely respond.  [ECF No. 44]

On January 12, 2022, the Court granted OTSL's motion and entered summary judgment in OTSL's favor, finding it was entitled to the interpleaded funds.  [ECF Nos. 49, 50, 51] In doing so, the Court found the TOD Agreement met the statutory requirements for a valid registration in beneficiary form, and that U.S. Bank accepted the TOD Agreement as completed by Ms. Weil and registered the account in the requested beneficiary form. The Court also found that Ms. Weil's designation of OTSL as the beneficiary, while inconsistent with a provision in the TOD Agreement that only a natural person could be named as a beneficiary, did not violate Minnesota law and did not invalidate the designation in light of U.S. Bank's acceptance and implementation of the designation. On January 26, 2022, the Court entered an Order for Disbursement of Funds directing the Clerk of the Court to distribute the interpleaded funds to OTSL. [ECF No. 53]

On February 3, 2022, new counsel entered an appearance on Ms. Beck's behalf and filed the present motion seeking to set aside the summary judgment and the order for disbursement of funds. [ECF Nos. 54, 55, 56] In support of her motion, Ms. Beck asserts Mr. Schmid "completely abandoned her and her defense" by "disappearing for months and ceasing to take any action on [her] behalf[,]" including failing to respond to the motion for summary judgment or informing Ms. Beck that summary judgment had been entered against her. [ECF No. 55 at 2] Ms. Beck contends

4

Mr. Schmid's "gross misconduct" rose to the level of client abandonment, which constitutes "extraordinary circumstances" justifying setting aside entry of the judgment pursuant to Rule 60(b)(6). Ms. Beck argues that Mr. Schmid's abandonment deprived her "of any reasonable opportunity to defend" against OTSL's motion or to raise any argument in support of her own claim to the interpleaded funds. Specifically, Ms. Beck claims to have several meritorious defenses to OTSL's motion, including: (1) that the designation of OTSL as the TOD beneficiary fails as a matter of law "by virtue of the discrepancy between offer and acceptance…regarding the intended and permitted beneficiary," (2) there are unresolved questions of fact regarding whether U.S. Bank "truly 'accepted'" the TOD beneficiary designation, and (3) there are unresolved questions of fact regarding Ms. Weil's intent for OTSL to remain as the beneficiary on the account. Ms. Beck maintains that setting aside the judgment is further supported because (1) OTSL will not suffer any prejudice, (2) Ms. Beck has not caused delay and the requested relief will not adversely impact efficient court administration, (3) any delay was caused by Mr. Schmid, whose conduct was beyond Ms. Beck's reasonable control, (4) Ms. Beck has not been neglectful of her case and has acted in good faith, and (5) Ms. Beck should not be penalized for Mr. Schmid's conduct. Ms. Beck requests the Court set aside the judgment and order, and grant Ms. Beck ninety days to "conduct necessary discovery" and respond to OTSL's summary judgment motion.

Ms. Beck attached her affidavit in support of the Rule 60(b)(6) motion. In her affidavit, Ms. Beck averred that she received no communication from Mr. Schmid between "late September and early December" 2021 despite her "repeated attempts to contact him by phone, email and text messages." During this period, Ms. Beck called the federal court and was advised of the trial date but not that there was an outstanding motion for summary judgment. In early December 2021, Ms. Beck traveled to St. Louis "to attempt to located Mr. Schmid[.]" Ms. Beck was unable to meet

5

with Mr. Schmid in person but received a text message from him on December 7, 2021, in which he "explained that he had been ill and out of the office for the last couple of months" but would speak with her about the case the following week. Ms. Beck stated Mr. Schmid failed to contact her as promised and he did not respond to "any of [her] several attempts to reach him." At this point, Ms. Beck retained new counsel who advised Ms. Beck that OTSL had obtained summary judgment. [ECF No. 56-1] In support of her defenses to the motion for summary judgment, Ms. Beck averred, on information and belief, that Ms. Weil and OTSL "had a disagreement which result[ed] in a falling out between them" after Ms. Weil named OTSL as the beneficiary on the TOD account.

OTSL filed a memorandum in opposition to the Rule 60(b) motion asserting: (1) Ms. Beck failed to demonstrate that Mr. Schmid's mistakes or misjudgments amounted to client abandonment, and (2) the Eighth Circuit does not recognize an attorney's ignorance or carelessness as grounds for Rule 60(b) relief. [ECF No. 58]. OTSL also argues that granting Ms. Beck's motion is futile, in that Ms. Beck fails to identify or develop any factual or legal grounds suggesting she would ultimately prevail on the merits. OTSL further contends it would be significantly prejudiced if the Court's judgment and order were set aside because OTSL would be forced to incur additional attorneys' fees to defend its valid judgment and it would further delay its ability to use the funds left to it by Ms. Weil. [ECF No. 58]

OTSL filed the affidavit of Kenneth J. Mallin, Jr., one of OTSL's attorneys in this matter, in support of its opposition. In the affidavit, Mr. Mallin averred that he and his co-counsel communicated with Mr. Schmid "by phone regarding various substantive and procedural issues [] throughout the spring and summer of 2021…about, among other things, pending deadlines in this matter." [ECF No. 58-1] OTSL's counsel also received "a number of email communications from

6

[Mr. Schmid] in the course of his representation of [Ms. Beck], up through and including an email dated October 4, 2021[.]" The relevant emails were attached to Mr. Mallin's affidavit as exhibits. [ECF No. 58-1]

The emails demonstrate that OTSL's counsel and Mr. Schmid communicated in June regarding the direction of the case after counsel for OTSL inquired whether Mr. Schmid believed there was a need for additional discovery, or if the parties could file cross-motions for summary judgment or submit the case for consideration on stipulated facts.[ECF No. 58-1]. On September 21, 2021, Mr. Schmid sent OTSL's counsel an email, in which he acknowledged he had "not been responsive the last couple of months" due to "some personal matters" but that he had reviewed the "various motions and orders." In his email, Mr. Schmid states, "Regarding motions for summary judgment, I see that you filed your client's motion. I also see it is your client's position that my client's response has not been timely filed. However, the Court's March 3rd Scheduling Order states that such responses are not due until October 15th." [ECF No. 58-1] Mr. Schmid also requested opposing counsel's consent to an extension of the deadlines to complete mediation and for Ms. Beck to file her cross-motion for summary judgment. Counsel for OTSL replied to the email, advising Mr. Schmid that he was  "mistaken on the time to respond" to the motion for summary judgment, indicating "[i]t runs from the date of filing" and that "[s]cheduling order deadlines are last dates to file." [ECF No. 58-1] OTSL's counsel advised Mr. Schmid that he would "have to take … up with the court" any requests for extensions of the deadlines.  Mr. Mallin averred that OTSL received no response to this email, but that Mr. Schmid carbon copied OTSL's counsel on an October 4, 2021 email Mr. Schmid sent to the assigned mediator notifying the mediator and that neither he nor Ms. Beck would be available to participate in the mediation scheduled for the following day.  [ECF No. 58-1]

On April 14, 2022, the Court heard argument from the parties on Ms. Beck's motion to set aside the judgment. At the hearing, OTSL's counsel agreed to provide Ms. Beck's counsel with all disclosure and discovery documents. [ECF No. 63]. OTSL complied, and Ms. Beck received OTSL's Rule 26 Initial Disclosures and its document production.

On April 26, 2022, Ms. Beck filed a Motion for Leave to Conduct Additional Discovery [ECF No. 64] asserting that the discovery conducted in this case was "minimal, *at best*" and requesting an order granting leave to conduct additional discovery. Ms. Beck seeks leave to subpoena U.S. Bank's records related to Ms. Weil's account, its "investigation into the beneficiary designation issue," and to its "policies and procedures for reviewing and accepting TOD designations[.]" [ECF No. 64 at 2-3] Ms. Beck contends that without these records, "OTSL's central allegation" that U.S. Bank accepted Ms. Weil's beneficiary designation "is premised on mere speculation" and that "there currently exists an unresolved question of fact regarding whether or not U.S. Bank actually did accept Ms. Weil's TOD designation of OTSL." Ms. Beck further alleges her motion is supported by U.S. Bank's alleged discovery that Ms. Weil's "TOD designation did not comport with its requirements and brought the issue to the parties' attention, which ultimately resulted in this action in interpleader." [ECF No. 64 at 2].

II.     Legal Standard

Federal Rule of Civil Procedure 60(b) authorizes the Court to relieve a party from a final judgment or order. Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Williams v. York, 891 F.3d 701, 706 (8th Cir. 2018) (quoting Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008)). A Rule 60(b) motion must be made within a reasonable time and, in some instances, no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

Under Rule 60(b)(1)-(5), the Court is permitted to set aside a final judgment for any one of several specified reasons, including, but not limited to: mistake, excusable neglect, newly discovered evidence, fraud, satisfaction of the judgment, or a void judgment. Fed. R. Civ. P. 60(b). Rule 60(b)(6) permits the Court to set aside a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Relief from a judgment pursuant to Rule 60(b)(6) is warranted only in "extraordinary circumstances." In re Guidant Corp. Implantable Defibrillators Products Liability Litigation, 496 F.3d 863, 868 (8th Cir. 2007). It is "exceedingly rare" for a court to grant a Rule 60(b)(6) motion because it "requires an 'intrusion into the sanctity of a final judgment.'" Id., quoting Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999). "Relief is available under Rule 60(b)(6) only where 'exceptional circumstances prevented the moving party from seeking redress through the usual channels.'" Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 373 (8th Cir. 1994), quoting In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir.1989).

III.    Discussion

In her motion to set aside the judgment, Ms. Beck asserts Mr. Schmid abandoned her defense and that an attorney's abandonment of a client constitutes an "extraordinary circumstance" justifying Rule 60(b)(6) relief. Ms. Beck maintains she has several meritorious defenses to OTSL's summary judgment motion, and that Mr. Schmid's abandonment deprived her of a reasonable opportunity to defend against the motion and to raise arguments in support of her claim to the interpleaded funds. Finally, Ms. Beck argues the circumstances of the case further support setting aside the judgment and allowing her to conduct additional discovery.

OTSL argues the Ms. Beck has failed to demonstrate that Mr. Schmid's conduct amounted to client abandonment, and that the Eighth Circuit has held that an attorney's ignorance or

carelessness is not grounds for relief under Rule 60(b).  OTSL also asserts Ms. Beck has failed to identify or develop any factual or legal grounds justifying a different outcome on OTSL's motion for summary judgment and that OTSL would be prejudiced by the setting aside of the judgment.

### A.  Abandonment and Gross Misconduct

Ms. Beck argues Mr. Schmid's "gross misconduct," including failing to conduct adequate discovery, to respond to the motion for summary judgment, and to inform her that summary judgment had been entered against her amounts to "abandonment" of her defense. Citing cases from the Second, Seventh, and Ninth Circuits,[2] Ms. Beck argues an attorney's abandonment of a client constitutes "extraordinary circumstances" justifying relief from a judgment under Rule 60(b)(6).

### i.  Whether Mr. Schmid's conduct constitutes "abandonment"

Although it appears Mr. Schmid eventually ceased to be engaged in the litigation, the record demonstrates that, for many months, Mr. Schmid actively participated in the litigation on Ms. Beck's behalf. This includes timely filing an answer to U.S. Bank's complaint; participating in hearings, joint filings, and discovery; and communicating with opposing counsel.

Of particular relevance is the evidence demonstrating Mr. Schmid continued to act on Ms. Beck's behalf through the expiration of the discovery deadline and the time to respond to OTSL's motion for summary judgment. The case management order established the following deadlines: (1) September 10, 2012, for the completion of all discovery, and (2) September 24, 2021, for the filing of all dispositive motions, with opposition briefs filed no later than October 15, 2021. [ECF No. 22] While the case management order established the deadline for filing dispositive motions,

---

[2] In support of her motion, Ms. Beck cites to <u>Ramirez v. U.S.</u>, 799 F.3d 845 (7th Cir. 2015); <u>Community Dental Servs. v. Tani</u>, 282 F.3d 1164, 1168 (9th Cir. 2002); and <u>U.S. v. Cirami</u>, 563 F.2d 26 (2nd Cir. 1977).

the parties were obviously permitted to file their motions prior to the deadline. OTSL chose to do so, filing its motion for summary judgment on August 17, 2021. Pursuant to local rule, Ms. Beck's response to OTSL's motion was due 21 days after its filing or on September 7, 2021. See E.D. Mo. L. R. 4.01(f).

Mr. Mallin's affidavit and the supporting exhibits demonstrate Mr. Schmid communicated with opposing counsel regarding the scope of discovery in June 2021 and that, as of September 21, 2021, Mr. Schmid was aware both of OTSL's motion for summary judgment and OTSL's subsequent  memorandum to the Court requesting a ruling on the motion because Ms. Beck had failed to file a timely response. The exhibits further demonstrate that Mr. Schmid's failure to timely respond to the summary judgment motion was the result of Mr. Schmid's mistaken belief regarding the deadline for filing a response. While an attorney's mistake or carelessness may be negligence, Ms. Beck provides no compelling argument that a mistake of this magnitude rises to the level of "abandonment" when counsel is still participating in the litigation. See Christeson v. Griffith, 860 F.3d 585, 588–89 (8th Cir. 2017) (attorney negligence in calculating a deadline is neither abandonment nor extraordinary circumstances justifying reopening a judgment under Rule 60(b)).

The same is true regarding Ms. Beck's assertions that Mr. Schmid's  "abandonment" of her case "deprived [her] of the ability to conduct any discovery of this case and to litigate it on the merits."  [ECF No. 56 at 14]. The record shows Mr. Schmid participated in some discovery, engaged in discussions with opposing counsel about the necessary scope of discovery, and was still participating in the litigation when the deadline expired for the competition of all discovery. Thus, Ms. Beck's assertion that discovery in this case was inadequate, ultimately questions the propriety of Mr. Schmid's decisions regarding the scope of discovery. This sort of inquiry relates to attorney misconduct or negligence, not abandonment. See Cadet v. Fla. Department of

11

_Corrections_, 853 F.3d 1216, 1234 (11th Cir. 2017) (gross negligence is not the same as abandonment); _Maples v. Thomas_, 565 U.S. 266, 280-82 (2012) (distinguishing attorney negligence from attorney abandonment when counsel of record took no action on the client's behalf). Based on the evidence presented, the Court finds Ms. Beck has failed to demonstrate that Mr. Schmid's conduct, during the relevant time period, rose to the level of client "abandonment."[3]

      ii.  _Whether "gross negligence" of counsel is a basis for Rule 60(b)(6) relief_

Even if Mr. Schmid's conduct could be classified as "gross negligence," as opposed to simple or ordinary negligence, Ms. Beck has failed to demonstrate that this is a cognizable basis for setting aside a judgment under Rule 60(b)(6). While some circuits have recognized that "gross negligence" or "abandonment" of counsel may serve as a basis for setting aside a judgment, the Eighth Circuit has consistently held that Rule 60(b)(6) "has never been a vehicle for relief because of an attorney's incompetence or carelessness." _Giles v. Saint Luke's Northland-Smithville_, 908 F.3d 365, 370 (8th Cir. 2018)[4], quoting _Inman v. American Home Furniture Placement, Inc._, 120 F.3d 117, 119 (8th Cir. 1997)[5], quoting _Sutherland v. ITT Continental Baking Co._, 710 F.3d 473,

---

[3] While Ms. Beck alleges Mr. Schmid's failure to inform her that summary judgment had been entered against her contributes to a finding of "abandonment," Ms. Beck has not alleged any prejudice from this omission. Any appeal from the Court's January 12, 2022, entry of summary judgment was due on February 11, 2022. Fed. R. App. P. 4(a)(1)(A) (in a civil case, notice of appeal must be filed with the district clerk within 30 days from entry of the judgment or order appealed from). New counsel entered her appearance on Ms. Beck's behalf on February 3, 2022, and did not file a notice of appeal from the Court's judgment.

[4] In _Giles_, 908 F.3d at 367, the district court denied the plaintiff's motion to set aside summary judgment entered in favor of the defendant after the plaintiff failed to timely file a response to the motion. The plaintiff moved to set aside the judgment arguing counsel failed to timely respond to the motion because counsel was busy with other cases and mistakenly believed the defendant had agreed to an extension of the deadline. _Id._ The Eighth Circuit affirmed the district court, holding Rule 60(b)(6) was not a "vehicle for relief because of an attorney's incompetence or carelessness" and the case did not present "exceptional circumstances" warranting relief.

[5] In _Inman_, 120 F.3d 117, the Eighth Circuit rejected a claim that an attorney's incompetence or carelessness was a basis for setting aside a default judgment pursuant to Rule 60(b)(6), when the defendants' failure to file an answer to the complaint, respond to discovery requests, or appear for depositions was the result of attorney negligence.

476-77 (8th Cir. 1983).  Here, any mistaken belief by Mr. Schmid's as to the deadline for filing the response to the motion for summary judgment is negligence, which the Eighth Circuit does not recognize as a basis for relief under Rule 60(b)(6).

> B. Whether the circumstances of the case supports setting aside the judgment

Ms. Beck argues additional circumstances in the case support setting aside the judgment. Specifically, Ms. Beck argues setting aside the judgment and granting her additional time to conduct discovery and to file her opposition to OTSL's motion is warranted because: (1) she has several meritorious defenses to OTSL's motion for summary judgment; (2) OTSL will not suffer any prejudice; (3) Ms. Beck has not caused delay and the requested relief will not adversely impact efficient court administration; (4) any delay was caused by Mr. Schmid, whose conduct was beyond her reasonable control; (5) Ms. Beck has not been neglectful of her case and has acted in good faith; and (6) Ms. Beck should not be penalized for Mr. Schmid's conduct.

OTSL counters that Ms. Beck's motion to set aside the judgment is futile because Ms. Beck has failed to either identify or develop any factual or legal grounds justifying a different outcome on OTSL's motion for summary judgment. OTSL also asserts that it would be significantly prejudiced by the setting aside of the judgment because it would incur additional attorneys' fees to defend its valid judgment and would delay use of the funds left by Ms. Weil for the purposes she intended.

Rule 60(b) is an extraordinary remedy that allows a court "to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscience that justice be done in light of all the facts.'" Hoover v. Valley West D M, 823 F.2d 227, 230 (8th Cir. 1987), quoting Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984). As such, it is appropriate for the Court to consider the circumstances of the case in deciding whether

the motion should be granted. See <u>Watkins v. Lundell</u>, 169 F.3d 540, 545 (8th Cir. 1999) (considering the circumstances of the case due to the "equitable nature" of a Rule 60(b)(6) motion).

In this case, the Court finds the circumstances as a whole do not support granting Ms. Beck's motion to set aside the judgment. In particular, Ms. Beck's assertions that Mr. Schmid's conduct should not be attributed to her and that she should not penalized for his conduct are not well taken. As the Eighth Circuit has stated:

> Litigants choose counsel at their peril. [] While it may seem harsh to make [D]efendants answer for their attorney's behavior, any other result would punish [Plaintiff] for the inaction of her opponents' lawyer. Defendants are better suited to bear this risk. If they were truly diligent litigants who were misled and victimized by their attorney, they have recourse in a malpractice action.

<u>Inman</u>, 120 F.3d at 118–19.

Furthermore, Ms. Beck has failed to present a compelling argument that setting aside the judgment would not be futile. Ms. Beck contends that setting aside the judgment and granting her additional time to conduct discovery and to file her opposition to OTSL's motion for summary judgment is warranted because she has several meritorious defenses to the motion, including: (1) an unresolved question of fact regarding whether U.S. Bank "truly 'accepted'" the TOD beneficiary designation; (2) unresolved questions of fact regarding Ms. Weil's intent for OTSL to remain as the beneficiary on the account; and (3) that the designation of OTSL as a TOD beneficiary fails as a matter of law "by virtue of the discrepancy between offer and acceptance…regarding the intended and permitted beneficiary."

Central to Ms. Beck's motion to set aside the judgment is her contention there are unresolved questions of fact regarding whether U.S. Bank accepted Ms. Weil's TOD beneficiary designation. In her motion for leave to conduct additional discovery, Ms. Beck seeks discovery of U.S. Bank's records of Ms. Weil's account and its policies and procedures "pertaining to its

14

requirements for acceptance of TOD designations[.]" Ms. Beck requests the additional discovery, contending "OTSL's central allegation that the TOD designation of OTSL was met with U.S. Bank's approval and acceptance is premised on mere speculation" and that there are unresolved questions of fact regarding whether U.S. Bank "actually did accept [Ms. Weil's] TOD designation of OTSL." [ECF No. 64 at 2] Ms. Beck further asserts that U.S. Bank's act of filing the interpleader action, by itself, suggests U.S. Bank did not believe that Ms. Weil's designation of OTSL as the TOD beneficiary was effective. [ECF No. 64 at 2].

Ms. Beck's suggestion that U.S. Bank's filing the interpleader action creates an inference that U.S. Bank did not believe Ms. Weil's TOD designation was effective is wholly unsupported by the record. U.S. Bank's complaint states it filed the suit due to its "fear of liability or vexatious, conflicting claims arising out of any distribution that it makes of the TOD Assets[.]" In fact, the record reflects that it was Ms. Beck, not U.S. Bank, that raised questions about the TOD designation.[6]

The purpose of interpleader actions is to allow disinterested stakeholders to join in a single lawsuit adverse claimants to money or property being held by the stakeholder. 28 U.S.C. § 1335; General Acc. Group v. Gagliardi, 593 F.Supp. 1080, 1086 (D.C.Conn. September 14, 1984). These actions protect the stakeholder from multiple lawsuits and liability while allowing the claimants to litigate their conflicting claims in one action.  Gagliardi, 593 F.Supp. at 1086. U.S. Bank's filing of the interpleader action fulfilled this purpose and in no way supports Ms. Beck's allegation that U.S. Bank implicitly viewed the TOD designation as ineffective.

---

[6] Specifically, U.S. Bank alleged counsel for Ms. Weil's Estate and the Estate heir disputed the transfer of the TOD Assets to OTSL under the TOD Agreement and "sent U.S. Bank a letter…threatening that 'any distribution' of the TOD Assets by U.S. Bank to the Opera 'prior to a resolution of this matter' is 'at [U.S. Bank's] peril.'" [ECF No. 1 at 2-3].

Furthermore, the Court finds Ms. Beck's assertion that there are unresolved questions of fact regarding whether U.S. Bank accepted Ms. Weil's TOD designation of OTSL to be contradicted by the record.  As set forth in the Memorandum and Order granting OTSL's motion for summary judgment:

> The TOD Agreement [executed by Ms. Weil] provides that U.S. Bank will conduct a "review and validation" of the agreement "to ensure the TOD Agreement and Account Owner and Beneficiary eligibility requirements have been met" and that the agreement will be "rejected and returned" in the event the agreement does not satisfy the requirements. … The TOD Agreement states that the "account title on U.S. Bank's system will designate that the account is subject to a TOD Agreement after a satisfactory validation (no rejection)" of the agreement. … After establishment of the account, U.S. Bank sent an account statement to [Ms. Weil] as the account owner, in which the account was titled "Wendy Holmes Weil TOD Opera Theatre Saint Louis[.]

[ECF Nos 49 at 2-3, 40-4].

Simply stated, the summary judgment evidence demonstrates that, after Ms. Weil executed the subject documents, U.S. Bank opened the custodial account and designated it "Wendy Holmes Weil TOD Opera Theatre Saint Louis" as Ms. Weil requested, which is precisely as U.S. Bank agreed it would do after reviewing and validating the designation. It is not clear from Ms. Beck's motions what exactly she believes additional discovery will uncover or how this clear and undisputed evidence of U.S. Bank's acceptance of the TOD designation is distinct from evidence that U.S. Bank "truly accepted" the designation.

Ms. Beck also argues she has a meritorious defense to the motion for summary judgment because there are unresolved questions of fact regarding Ms. Weil's intent for OTSL to remain as the beneficiary on the account. Ms. Beck maintains, after Ms. Weil listed OTSL as the beneficiary on the account, Ms. Weil and OTSL "had a disagreement which result[ed] in a falling out" and "calls into question the identity of [Ms. Weil's] intended beneficiary of the funds held in the TOD

16

Account."  [ECF No. 56 at 14, 56-1 at 3] Ms. Beck asserts the record before the Court does not clearly establish that Ms. Weil or U.S. Bank "never attempted to change, modify or terminate the TOD Agreement or the beneficiary designation therein, nor does the record clearly establish that [Ms. Weil] never intended to or attempted to transfer the funds from that account prior to her death."

To be clear, Ms. Beck does not assert that Ms. Weil attempted to revoke the designation and there is no evidence before the Court suggesting that Ms. Weil attempted to revoke or modify the TOD designation. Ms. Beck's vague allegation there was a "falling out" between Ms. Weil and OTSL in no way affects the validity of the TOD designation and does not, by itself, suggest Ms. Weil attempted to revoke or modify the TOD designation. Instead, Ms. Beck uses this allegation to serve as a basis for reopening discovery because she believes such evidence could conceivably exist since its non-existence has not been definitely proven.[7] In the absence of any credible evidence suggesting Ms. Weil actually attempted to revoke her designation of OTSL as the TOD beneficiary, the Court finds there is no merit to Ms. Beck's contention there are unresolved questions of fact regarding Ms. Weil's intent OTSL continue as the beneficiary on the account.

With regard to her final defense, Ms. Beck argues that the designation of OTSL as the TOD beneficiary fails as a matter of law because there was a "discrepancy between offer and acceptance…regarding the intended and permitted beneficiary[,]" demonstrating "a lack of a meeting of the minds" between Ms. Weil and U.S. Bank on the beneficiary.

The Court addressed the validity of the TOD designation at length in its Memorandum and Order granting OTSL summary judgment and Ms. Beck's motion does not vitiate that analysis.

---

[7] Underlying Ms. Beck's position is her contention that Mr. Schmid's "abandonment" of her case "deprived [her] of the ability to conduct any discovery of this case and to litigate it on the merits."  [ECF No. 56 at 14]. As the Court has already found, however, Mr. Schmid participated in discovery and specifically made decisions regarding the appropriate scope of discovery.

Pursuant to Minnesota law, the transfer resulting from the TOD designation "is effective by reason of the contract …between the owner of the security and the registering entity" and Minnesota's Uniform Transfer on Death Security Registration Act (the TOD Act), Minn. Stat. Ann. §§524.6-301 to -311. Minn. Stat. Ann. § 524.6-309 (1)(a). The Minnesota TOD Act specifically provides that a registering entity's acceptance of a request for registration in beneficiary form constitutes the registering entity's agreement to implement the registration to the beneficiary on the death of the security owner.  Minn. Stat. Ann. § 524.6-308(b).

Thus, the TOD Agreement was a contract between Ms. Weil and U.S. Bank. U.S. Bank's acceptance of Ms. Weil's request for registration in beneficiary form constituted U.S. Bank's agreement to implement the registration to the beneficiary on the death of the security owner. Minn. Stat. Ann. § 524.6-308(b). The undisputed evidence is that U.S. Bank accepted the TOD Agreement from Ms. Weil and registered the account in beneficiary form according to her wishes.

IV.     Conclusion

The Court finds Ms. Beck has failed to establish extraordinary circumstances justifying setting aside the Court's entry of Summary Judgment in favor of OTSL and its Order of Disbursement pursuant to Rule 60(b)(6). Furthermore, in light of the Court's finding that Mr. Schmid did not abandon Ms. Beck with regard to discovery, the Court denies Ms. Beck's Motion for Leave to Conduct Additional Discovery.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendant Beck's Motion to Set Aside Judgment [ECF No. 55] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Beck's Motion for Leave to Conduct Additional Discovery [ECF No. 64] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of May, 2022